```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC                  *

              Plaintiff            *

         vs.                       *    CIVIL ACTION NO. MJG-14-0747

JOHN DOE subscriber assigned       *
IP address 24.126.67.135
                                   *
              Defendant
*     *       *       *      *     *      *      *      *
              MEMORANDUM AND ORDER RE: DOE MOTIONS
```

The Court has before it John Doe Subscriber's ("Subscriber") Motion to (1) Intervene Anonymously; (2) Dismiss Case; (3) In the Alternative, Quash Subponea (sic) for Identy (sic) of Subscriber; (4) In the Alternative, Stay Proceedings [Document 10] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Malibu Media, LLC ("Malibu") has sued a number of individual "John Doe" defendants who are alleged to have used the BitTorrent file distribution network to download adult pornographic films in violation of Malibu's copyrights. When Malibu initiates the lawsuits, it is only able to identify the alleged infringers by reference to the Internet Protocol address ("IP address") through which the copyrighted work was downloaded.

In an effort to identify the person who committed the infringement, Malibu was granted leave of the Court in the

instant case, as it has in other cases, to serve a Rule 45 subpoena on the Internet Service Provider ("ISP") in order to identify the account subscriber assigned to the relevant IP address on the date of the downloading of the copyrighted work. The ISP served in this case has identified Subscriber as being the owner of the account to which the IP address was assigned at the relevant time.

The Court's standard order in these cases creates a procedure for subscribers to anonymously move to quash the subpoena and includes additional provisions that provide protections for subscribers in order to avoid potential for abuse.  In the instant case, the Subscriber has moved to intervene anonymously, and to dismiss the case, or in the alternative, to quash the subpoena and stay proceedings.  The Court shall address each in turn.

    A.   <u>Motion to Intervene</u>

The procedures established by this Court's Order Re: Initial Discovery [Document 6] fully protect the ability of the ISP subscriber to participate anonymously without the need for intervention.  Subscriber needs not, therefore, intervene to proceed in this Court, and the motion shall be denied.

B.   Motion to Dismiss

Subscriber has moved to dismiss Malibu's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Subscriber argues that Malibu fails to present any evidence supporting the allegations that the Subscriber had any involvement in or knowledge of the alleged violations.

A complaint, however, need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Certainly Malibu has no proof that Subscriber downloaded its films or was aware that anyone was downloading films using Subscriber's IP address.  Malibu's pleadings, however, state that it owns the films at issue and that they were downloaded using Subscriber's IP address. While Subscriber may not be the infringer, it is reasonably plausible, when viewing the alleged facts in the light most favorable to Malibu, that Subscriber is or knows the infringer.  Proof is not relevant in the context of a motion to dismiss.

Further, other courts to address the issue have found that Malibu's complaints state a plausible claim for relief. See, e.g., Malibu Media, LLC v. John Doe 1, Civil Action No. 12-2078, 2013 WL 30648 at *4 (E.D. Pa. 2013)("Accepting all factual allegations in the Amended Complaints as true, the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act." (internal citations omitted)); Malibu Media, LLC v. Pelizzo, No. 12-22768-CIV, 2012 WL 6680387, at *4 (S.D. Fla. Dec. 21, 2012)("[T]aking the allegations in the light most favorable to Plaintiff, the Complaint adequately states a claim of copyright infringement.").

Accordingly, the Court shall deny Subscriber's motion to dismiss and allow Malibu to proceed with further discovery within the protective provisions established for the instant case.

### C.   Motions to Quash

Subscriber asserts that Malibu "has presented nothing more than speculation that [Subscriber] has infringed upon [its] copyrights" and requests that the Court quash the subpoena "because it is not reasonably calculated to lead to the discovery of admissible evidence." Mot. 6.  Malibu, however, has presented allegations that, taken as true, would establish

that someone infringed its copyright by using the specified IP address.

As stated, this Court has established a procedure that recognizes the privacy interests of subscribers as to whom there may be no plausible claim. See the Order Re: Initial Discovery [Document 6] that provides appropriate protection for a subscriber while recognizing Malibu's rights.  For the Court to quash the subpoena would allow a subscriber to prevent Malibu from pursuing a potentially valid claim simply by denying liability.

The Court will not quash the subpoena. Malibu shall, of course, proceed pursuant to the Order Re: Initial Discovery [Document 6].

### D.   Motion to Stay

Subscriber also requests the Court to stay the proceedings pending a decision on the admissibility of evidence in related cases in this Court.  Most related cases in this Court were temporarily stayed pending that decision, but the stay has subsequently been lifted.  The Court held a hearing and issued a decision denying the subscribers' motions to dismiss the cases and preclude evidence provided by IPP.  See Order [Document 42] and accompanying Memorandum Opinion [Document 40], Malibu Media,

LLC v. John Doe Subscriber assigned IP address 173.64.119.92, Case No. 14-cv-223-MJG, 2014 WL 4682793 (D. Md. Sept. 18, 2014).

E.  Conclusion

For the foregoing reasons:

1.  Subscriber's Motion to (1) Intervene Anonymously; (2) Dismiss Case; (3) In the Alternative, Quash Subponea (sic) for Identy (sic) of Subscriber; (4) In the Alternative, Stay Proceedings [Document 10] is DENIED.
2.  The subpoena at issue is not quashed.
3.  The parties shall proceed pursuant to the Order Re: Initial Discovery [Document 6].

SO ORDERED, on Tuesday, December 16, 2014.

/s/
Marvin J. Garbis
United States District Judge